UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**EASTERN OHIO REGIONAL**
**WASTEWATER AUTHORITY,**

      **Plaintiff,**

  v.                                 **Case No.: 2:15-cv-3027**
                                         **JUDGE SMITH**
                                         **Magistrate Judge Jolson**

**UTILITY WORKERS UNION OF AMERICA,**
**AFL-CIO, LOCAL UNION 436-A,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court upon the Motion and Petition to Confirm Arbitration Award by Summary Judgment of Plaintiff Eastern Ohio Regional Wastewater Authority ("EORWA") (Doc. 1).  Also pending is the Motion to Dismiss of Defendant Utility Workers Union of America, AFL-CIO, Local Union 436-A (the "Union") (Doc. 7).  EORWA opposed the Motion to Dismiss (Doc. 8) and the Union replied in support (Doc. 9).  The motions are now ripe for review.  For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES as moot** Plaintiff's Motion and Petition to Confirm Arbitration Award by Summary Judgment.

### I.    BACKGROUND

This dispute arises out of the employment relationship between Freddie Hocker, a Union member, and EORWA.  EORWA terminated Hocker in October of 2014 for failing a drug test. (Doc. 1-2, Arbitration Order at 2).  The Union filed a grievance on his behalf, arguing that the Collective Bargaining Agreement ("CBA") between the Union and EORWA did not contain a

policy regarding drug or alcohol testing and punishment.  The grievance was ultimately arbitrated in front of Bruce McIntosh, an arbitrator for the Federal Mediation and Conciliation Service ("FMCS").  (*Id.* at 1).  On August 14, 2015, McIntosh ordered that Mr. Hocker should receive all back pay and benefits from October 30, 2014, until December, 2014.  (*Id.* at 17).  McIntosh apparently believed that Hocker had voluntarily retired in December, 2014, thereby terminating his back pay.  (*Id.* at 18).  The Union disputes the accuracy of that finding.

EORWA initiated the instant case under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, and the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, seeking to confirm McIntosh's arbitration award.  EORWA sent the Motion and Petition to Confirm Arbitration Award by Summary Judgment by regular U.S. mail to the Union's arbitration representative, and to the Union's post-arbitration counsel, John Canzano.  (Doc. 8, Mem. Opp. at 13).  While this matter was pending, the Union, in an effort to challenge the Arbitrator's Opinion, filed a Motion and Application for Order Modifying or Vacating Arbitration Award in the Belmont County Court of Common Pleas with Judge Frank Fregiato on March 10, 2016.  (*See* Doc. 9-1, Def.'s Mot. to Modify).  In an agreed entry, Judge Fregiato ordered the case stayed pending a resolution of the case in this Court.  (*See* Doc. 9-2, Agreed Entry).  Accordingly, the Court now considers both motions pending before it.

## II.  DISCUSSION

EORWA is seeking confirmation of the arbitration award and the Union moved to dismiss for improper service and lack of subject matter jurisdiction.  The Union's claims of lack of subject matter jurisdiction must be considered first.  The Union challenged the subject matter jurisdiction of this Court, arguing that the FAA and the LMRA do not support subject matter jurisdiction "or have any application to the instant matter."  (Doc. 7, Mot. Dismiss at 1).

2

EORWA alleges that both the FAA and the LMRA independently confer subject matter jurisdiction under 28 U.S.C. § 1331 and that jurisdiction is further bolstered by the parties' use of FMCS, an agency of the United States.

The Union challenges the original jurisdiction of this Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Subject matter jurisdiction cannot be conferred on federal courts by consent of the parties. *See Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986). Rule 12(b)(1) motions on subject matter jurisdiction come in two varieties: facial and factual. *Ohio Nat. Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on the subject matter jurisdiction alleged in the complaint questions the sufficiency of the pleading. *Id.* Accordingly, when reviewing a facial attack, a trial court takes the allegations in the complaint as true. *Id.* However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

A factual attack occurs when the party challenging jurisdiction provides facts purporting to overcome the alleged subject matter jurisdiction. *Ohio Nat. Life Ins.*, 922 F.2d at 325. When a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Id.* If the facts presented give rise to a factual controversy, the Court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.* In doing so, the Court may consider "affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) and *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

A challenge under 12(b)(1) may consist of both facial and factual challenges.  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007).  Ultimately, "dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court" and thus a dismissal under 12(b)(1) is without prejudice.  *Ohio Nat. Life Ins.*, 922 F.2d at 325.

The Court will address each of the EORWA's alleged bases in turn.

A.     **Jurisdiction under the FAA**

The Union asserts that the FAA does not apply to contracts of employment under 9 U.S.C. § 1, but that even if it did, the FAA does not confer subject matter jurisdiction.  EORWA argues that the FAA applies in this case and that prior Supreme Court decisions regarding FAA subject matter jurisdiction do not concern 9 U.S.C. § 9.  The primary question for the Court is whether the FAA—and 9 U.S.C. § 9 in particular—confer subject matter jurisdiction on this Court independent of any other basis.  If 9 U.S.C. § 9 does not confer jurisdiction, then the Court need not determine if 9 U.S.C. § 1 bars the application of the FAA in this matter.

The Supreme Court, the Sixth Circuit, and this Court have held that 9 U.S.C. § 9 does not confer subject matter jurisdiction upon a federal court absent some other independent basis for jurisdiction.  *Southland Corp. v. Keating*, 465 U.S. 1, 16, n. 9 (1984) ("the Federal Arbitration Act . . . does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 (1976) or otherwise.") (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25, n. 32 (1983)); *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 257–58 (6th Cir. 1994) ("It is equally clear that § 9 of the [FAA] does not create subject matter jurisdiction."); *Fisher v. MBNA Am. Bank, N.A.*, 422 F. Supp. 2d 889, 895 (S.D. Ohio 2006) (Marbley, J.) (finding no jurisdiction where jurisdiction was allegedly based on 9 U.S.C. §§ 9 and 10).

EORWA quotes § 4 and § 9 to argue that there are inherent differences in the language of the two sections that necessitate a different reading of each. (*See* Doc. 8, Mem. Opp. at 6–7). While the Court agrees that the language in § 4 and § 9 is distinct, the Sixth Circuit has determined that the distinctions are immaterial in this context. *See Ford*, 29 F.3d at 257–58. EORWA's citations to two Second Circuit cases are equally unavailing because both predate *Southland*, *Ford*, and *Fisher*. Even if the Second Circuit cases were more than non-binding, outdated precedent, the Sixth Circuit has specifically addressed the Second Circuit's analysis. *Ford*, 29 F.3d at 258 ("'[T]o read section [9 or] 10 as bestowing jurisdiction to [confirm or] vacate absolutely any arbitration award,' as the Court of Appeals for the Second Circuit has said, 'would open the federal courts to a host of arbitration disputes, an intent that we should not readily impute to Congress.'") (quoting *Harry Hoffman Printing, Inc. v. Graphic Commc'ns, Int'l Union, Local 261*, 912 F.2d 608, 611 (2d Cir. 1990) (alterations in original)).

Accordingly, EORWA's claims under the FAA do not confer subject matter jurisdiction upon the Court. The Court need not reach the question of whether the FAA applies to the claims in this case nor whether the use of an FMCS arbitrator supports jurisdiction.[1]

**B.      Jurisdiction under the LMRA**

Next, the Union argues that the LMRA cannot confer jurisdiction upon this matter because the CBA between the Union and EORWA is not subject to the LMRA. Specifically, the Union asserts that EORWA is not an employer under the LMRA because EORWA is a public

---

[1] EORWA's argument regarding the FMCS and the FAA was based on the assumption that the Court would adopt a standard which looked to the conduct of the parties. (*See* Doc. 8, Mem. Opp. at 8 ("Accordingly, the Court of Appeals determined the conduct of the parties in participating in the arbitration proceedings, along with applicable contractual arbitration language, were sufficient to confer Federal jurisdiction pursuant to Section g of the FAA.") (citing *I/S Stavborg v. Nat'l Metal Converters*, 500 F. 2d 424 (2d. Cir. 1974))).

employer under 29 U.S.C. §§ 152(2) and (5).  EORWA argues that finding the LMRA inapplicable would undermine the purpose of the LMRA and the creation of the FMCS.

The LMRA provision regarding jurisdiction is codified at 29 U.S.C. § 185, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties . . . ." 29 U.S.C. § 185(a).  Although the LMRA appears to confer jurisdiction on its face, the term "employer" has a special definition in the LMRA which excludes "the United States or any wholly owned Government corporation, or any Federal Reserve Bank, or any State or political subdivision thereof . . . ." 29 U.S.C. § 152(2).  The Sixth Circuit has explicitly held that "the LMRA expressly excludes public employers—and by association, public employees—from its coverage." *Richards v. Ohio Civil Serv. Emps. Ass'n.*, 205 F. App'x 347, 354 (6th Cir. 2006).

EORWA does not provide any statute or case suggesting that the public employer exclusion in § 152 is not applicable to EORWA.  EORWA's citation to *Ohio Council 8, Am. Fed'n of State, Cty. & Mun. Emps. v. Trumbull Mem'l Hosp.*, 124 F. Supp. 2d 482, 485 (N.D. Ohio 2000) does not support jurisdiction as the court was deciding a question of mootness and did not consider 29 U.S.C. § 152 in its decision.  Even assuming that *Ohio Council* determined Trumbull Memorial Hospital was subject to the LMRA, EORWA also does not provide any evidence or argument to explain how EORWA is similar to Trumbull Memorial Hospital or why the two entities should be treated the same.  The Union argues that EORWA is a public sector employer and EORWA provides no evidence or legal argument that it is not.

Last, EORWA argues that the use of the FMCS, created under the LMRA, is sufficient to confer jurisdiction.  This argument is without merit.  Although the FMCS is created by federal

6

statute and governed by the Code of Federal Regulations, EORWA has directed the Court to no case holding that arbitration in front of the FMCS, without more, is sufficient to confer subject matter jurisdiction. Accordingly, the LMRA does not confer subject matter jurisdiction upon this Court. No basis for subject matter jurisdiction exists in this case.

### III.  CONCLUSION

Because the Court does not have original jurisdiction over this claim, numerous other issues in the instant motions are outside of the Court's review. Specifically, the Court does not have jurisdiction to reach the Union's assertion that service was improper or to reach whether the arbitration award should be confirmed. Additionally, the Court cannot extend supplemental jurisdiction under 28 U.S.C. § 1367(a) to EORWA's state law claims. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("If the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist.") *amended on denial of reh'g*, No. 95-5120, 1998 WL 117980 (6th Cir. Jan. 15, 1998).

Based on the foregoing, Defendant's Motion to Dismiss is **GRANTED**. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** as lack of subject matter jurisdiction is a dismissal other than on the merits. Because the Court is dismissing this case, Plaintiff's Motion and Petition to Confirm Arbitration Award by Summary Judgment is **DENIED as moot and without prejudice**. The Clerk shall **REMOVE** Documents 1 and 7 from the Court's pending motions list and terminate the case.

**IT IS SO ORDERED.**

      /s/ George C. Smith  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**